IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sharon Stone, | ) |
|       Plaintiff, | ) C.A. No. 3:21-771-MGL-KDW |
| v. | ) Report and Recommendation |
| Do It Best Corp.; Vince Seay,[1] and Scott Smith, in their Official and Individual Capacity, | ) |
|       Defendants. | ) |

Plaintiff Sharon Stone ("Stone" or "Plaintiff"), filed this action against her former employer, Do It Best Corp. ("Defendant" or "Do It Best Corp."), as well as Vince Seay ("Seay") and Scott Smith ("Smith") (sometimes referred to herein as "Individual Defendants"), initially asserting claims against Do It Best Corp. for claims of race- and gender-based discrimination and retaliation pursuant to Title VII; violation of certain constitutional rights under 42 U.S.C. §§ 1981 and 1983; discrimination under the Americans with Disabilities Act, as Amended ("ADA," "ADAAA"); as well as several state-law-based claims—one for intentional infliction of emotional distress ("IIED") against Defendants Seay and Smith, a negligence claim against Defendants Do It Best Corp. and Smith, and an assault claim against Defendant Seay. Compl. ECF No. 1-1. After an answer was filed and a scheduling order and amended scheduling order had been issued (ECF Nos. 5, 7, 16), Defendants filed a Motion for Judgment on the Pleadings, in which they seek dismissal of some, but not all, of Plaintiff's causes of action. ECF No. 22. Plaintiff filed a

---

[1] Although the Complaint incorrectly spelled Seay's name as "Saey," Plaintiff has acknowledged the corrected spelling pointed out by Defendants in their responses to the Local Civil Rule 26.01 Interrogatories. ECF No. 3. *The Clerk of Court is instructed to correct the spelling of Defendant Seay's name as noted in the caption.*

responsive memorandum, ECF No. 30, in which she conceded certain issues raised by Defendants in their Motion for Judgment on the Pleadings. In Defendants' Reply, ECF No. 33, they note that the sole remaining disputed issue raised in Defendants' Motion for Judgment on the Pleadings concerns whether Plaintiff's causes of action for IIED against Seay and Smith and the assault claim against Seay should be permitted to move forward. Also pending is Plaintiff's Motion to Amend, ECF No. 29, in which Plaintiff seeks amendment to make minor corrections and to withdraw the claims that are the subject of the Motion for Judgment on the Pleadings other than the claims of IIED and assault. Defendants have responded to the Motion to Amend, ECF No. 37, arguing the proposed amendment is tardy, made without sufficient cause, and would be futile as to the IIED and assault claims. Plaintiff has replied. ECF No. 38. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("R&R"). Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendants' Motion for Judgment on the Pleadings, ECF No. 22, be granted, and Plaintiff's Motion to Amend, ECF No. 29, be denied, as discussed within.

I.     Relevant Background

Plaintiff was employed at Defendant Do It Best Corp.'s Lexington, South Carolina facility as a UPS checker from August 1996 through June 2020. Compl. ¶¶ 2, 11. Defendant Seay, who was Plaintiff's coworker, and Defendant Smith, who was Plaintiff's supervisor, were both employed by Do It Best Corp. at all relevant times. *Id*. ¶¶ 3, 17.

During her employment with Do It Best Corp., Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation, harassment, and discrimination based on race and disability. Compl. ¶ 8. On November 4, 2019, Do It Best Corp. suspended Plaintiff from November 5 to November 7, 2019, indicating in a disciplinary action that Plaintiff had "'violated safety standards, rules set forth in [the handbook] and training.'" *Id*. ¶ 13.

2

Plaintiff denies any unsafe operation of equipment; she claims Seay was operating equipment unsafely and in a manner that the equipment was "headed straight towards Plaintiff." *Id*. ¶¶ 14, 15. Plaintiff notes Seay was not disciplined at that time. *Id*. ¶ 17.

On March 13, 2020, Plaintiff's "health worsened from an underlying health condition of hypertension for which Plaintiff filed a Reasonable Accommodation Request Form pursuant to the [ADA]." Compl. ¶ 20. Do It Best Corp. acknowledged the request but "never approved Plaintiff's request for intermittent leave time pursuant to the Family Medical Leave Act (FMLA)." *Id*. In June 2020 Plaintiff alleges she was "forced into early retirement because [of] defendants' conduct and violations of Plaintiff's rights." *Id*. ¶ 21.

Defendants removed Plaintiff's action to this court in March 2021. ECF No. 1.

II.     Motion for Judgment on the Pleadings

   A.     Standard of review

The standard of review for a motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Butler v. United States,* 702 F.3d 749, 751–52 (4th Cir. 2012). *See Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) (noting court may take notice of matters of public record and those attached to complaint and Rule 12 motions, so long as authentic and integral to the complaint).

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When considering this motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all

reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

B.     Analysis

Defendants seek Rule 12 dismissal of Plaintiff's Title VII claims of gender discrimination, her claims brought pursuant to 42 U.S.C. § 1983, her IIED claims, her negligence claims, and her assault claim against Defendant Seay. In her response, Plaintiff concedes that dismissal of some of these claims is appropriate.

1.     Plaintiff consents to dismissal of certain causes of action

Plaintiff has acknowledged she cannot pursue her Title VII claims related to gender discrimination, her claims brought pursuant to 42 U.S.C. §§ 1983 and 1981, and her state-law-based negligence claim. Pl. Opp'n 3-4, ECF No. 30. Accordingly, these claims are subject to dismissal pursuant to Rule 12.

2.     Plaintiff challenges dismissal of state-law-based claims of IIED and assault

The only claims at issue for purposes of Defendants' Rule 12 Motion, then, are the IIED claim against Defendants Seay and Smith and the assault claim against Defendant Seay. In her IIED cause of action against Seay and Smith, Plaintiff alleges Defendants "intentionally or recklessly inflicted severe emotion[al] distress on Plaintiff" through verbal assaults, denigration of reputation, subjecting Plaintiff to hostile work conditions, and "[o]ther conduct to be proven at trial." Compl. ¶ 67. In pleading assault, Plaintiff submits Seay assaulted her "[o]n numerous

occasions during [her] employment, both during work hours[.]" *Id*. ¶ 82. Plaintiff avers Seay's intentional conduct was repeated and placed her in fear. *Id*. ¶¶ 84-89.

Defendants argue both tort claims should be dismissed because the South Carolina Workers' Compensation Act (the "Act") provides the exclusive remedy for these tort claims. Plaintiff counters that the intentional torts of IIED and assault are not subject to the Act's exclusivity provision and should be permitted to proceed. The undersigned agrees with Defendants that dismissal of the IIED and assault claims should be granted.

Section 42-1-540 of the Act, commonly referred to as the "exclusivity provision," provides:

> The rights and remedies granted by [the Workers' Compensation Act] to an employee when he and his employer have accepted the provisions of [the Workers' Compensation Act], respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540. Based on this provision, South Carolina courts hold that the Act provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his employment. *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002). The exclusivity provision bars all common law actions against an employer based on injuries within the scope of the Act. *Id.* at 234 n.3 ("The phrase 'shall exclude all other rights and remedies' in the exclusivity provision demonstrates plain and unambiguous legislative intent to vest the Workers' Compensation Commission with exclusive original jurisdiction over an employee's claims."). The only exceptions to the exclusivity provision are: (1) when the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) when the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) when the tort is

slander and the injury is to reputation; or (4) when involving certain occupations expressly excluded by the Act. *Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 n.2 (S.C. 2002).

Here, looking to cases including *Dickert v. Metropolitan Life Insurance Co.*, 428 S.E.2d 700 (S.C. 1993), Plaintiff submits the IIED claim against Smith and Seay and the assault claim against Seay should be permitted to proceed because they were intentional, not accidental. Pl. Opp'n 6-8, ECF No. 30. Plaintiff claims that Smith, a supervisor, was the "alter ego of the company in Plaintiff's location[.]" *Id*. at 8. Plaintiff also argues that Seay, her coworker, was "favored above her and many other employees[,]" and that he, too, "can be considered the alter ego of the company" for his acts "outside of the Workers' Compensation Act." *Id.* Plaintiff offers no real analysis and cites no applicable case law for the proposition that Smith and Seay should be considered alter egos of Defendant Do It Best Corp.

Only intentional acts committed by "the employer or its alter ego" may be excepted from the Act's exclusionary provision. *Cason*, 560 S.E.2d at 893 n.2. Neither Plaintiff's supervisor Smith—who supervised her at the Lexington, South Carolina of a corporation headquartered in Indiana—nor her co-worker Seay conceivably would be considered alter egos of Do It Best Corp. In *Dickert*, the court clarified the exception by stating: "It is only when the tortfeasor/co-employee is the 'alter ego' of the employer that the liability falls outside the scope of the Act." *Dickert*, 428 S.E.2d at 701. The alter ego exception applies only to "'dominant corporate owners and officers.'" *Id.* (quoting 2A Larson, *Workmen's Compensation*, §§ 68.21 and 68.22).

Plaintiff has not pleaded allegations that support an argument that the individual Defendants were the corporate Defendant's alter ego. To be an alter ego, one must be a dominant corporate owner or officer; the term does not encompass "supervisory employees." *Dickert*, 428 S.E.2d at 701. Plaintiff's IIED and assault claims should be dismissed. *See generally Mabry v.*

6

*McLeod Physician Assocs. II*, No. CV 4:20-3147-SAL-KDW, 2021 WL 1701226, at *3–4 (D.S.C. Feb. 19, 2021) (recommending IIED claim be dismissed against supervisors who worked with plaintiff at satellite office of medical corporation), *report and recommendation adopted,* No. 4:20-CV-3147-SAL, 2021 WL 1691955 (D.S.C. Apr. 29, 2021); *Sutton v. Securitas Sec. Servs., USA, Inc.*, No. CIV.A. 4:13-2542-MGL, 2014 WL 1513867, at *5 (D.S.C. Apr. 16, 2014) (granting motion to dismiss IIED cause of action against corporate defendant with a national presence based on acts attributed to plaintiff's supervisor at a local branch); *Phillips v. Shaw Constructors, Inc.*, C/A No. 0:12–532–CMC, 2012 WL 6859457 (D.S.C. Oct. 31, 2012) (granting motion to dismiss as to intentional tort claims that fell within the Act's exclusivity provision in part because plaintiff had not shown supervisor was "alter ego" of employer); *Washington v. Hilton Hotels Corp.*, C/A No. A 207–2694–CWH, 2006 WL 747792 (D.S.C. Mar. 17, 2008) (same).

The IIED and assault claims are the only causes of action remaining as to Defendants Smith and Seay. Should this R&R be adopted, Smith and Seay will be dismissed as parties.

III.    Motion to Amend

In Plaintiff's Motion to Amend, she seeks to clarify that she is withdrawing certain causes of action. As the parties' briefing regarding the Motion to Amend makes clear, the only causes of action as to which Defendants seek dismissal that Plaintiff has not agreed to withdraw are the two state-law-based tort claims discussed above. Regarding those claims, Defendants argue amendment would be futile because neither the IIED nor the assault claim should be permitted to proceed. Defendants further note that Plaintiff did not seek amendment until after the scheduling-order deadline for amendment had passed.

Although both parties provide some discussion as to whether Plaintiff's proposed amendment satisfies the Rule 16(b) "good cause" standard, even assuming that standard could be

7

satisfied, the undersigned finds Plaintiff's Motion to Amend ought not be granted because amendment as to the IIED and assault claims would be futile for the reasons discussed above.[2] *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (stating that when a proposed amended complaint fails to state a claim under Rule 12(b)(6), amendment would be futile, and denial of motion to amend is appropriate). Amendment is unnecessary. Rather, the Motion to Amend should be *denied*. Plaintiff's original Complaint should proceed as to the causes of action not challenged in the Motion for Judgment on the Pleadings.

IV.     Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendants' Motion for Judgment on the Pleadings, ECF No. 22, be *granted,* and the Motion to Amend, ECF No. 29, be *denied as futile*. If this Report is adopted, Plaintiff's Complaint, ECF No. 1, will proceed as to Defendant Do It Best Corp. only and will proceed only as to the following causes of action: 1) Title VII claim for Race Discrimination/Disparate Treatment (First Cause of Action); 2) Title VII Retaliation claim (Second Cause of Action); 3) Disability Discrimination (Fourth Cause of Action).

IT IS SO RECOMMENDED.

September 24, 2021                                                          Kaymani D. West
Florence, South Carolina                                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] While the court appreciates Plaintiff's attempt to clarify her pleading by removing certain causes of action, the undersigned is of the opinion that the futility of maintaining the tort claims against Smith and Seay makes denial of the amendment appropriate.