

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHARON STONE,<br>　　　　Plaintiff,<br><br>vs.<br><br>DO IT BEST CORP.; VINCE SEAY, and<br>SCOTT SMITH, *in their Official and<br>Individual Capacity*,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§    Civil Action No. 3:21-0771-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
AND DENYING PLAINTIFF'S MOTION TO AMEND AS FUTILE**

Plaintiff Sharon Stone (Stone) filed this action against her former employer, Do It Best Corp. (Do It Best), as well as her former coworker Vince Seay (Seay), and her former supervisor Scott Smith (Smith). Stone alleged, against Do It Best, claims of race- and gender-based discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII); violation of certain constitutional rights under 42 U.S.C. §§ 1981 and 1983; discrimination under the Americans with Disabilities Act, as Amended; and a state-law negligence claim. Stone also asserted state-law based intentional infliction of emotional distress (IIED) claims against Seay and Smith, a negligence claim against Smith, and an assault claim against Seay.

Stone filed this action in the Lexington County Court of Common Pleas, and Defendants removed this action pursuant to 28 U.S.C. § 1331.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for judgment on the pleadings, in which they seek dismissal of some, but not all, of Stone's causes of actions, be granted.  Also, the Magistrate Judge recommends the Court deny Stone's motion to amend as futile.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 24, 2021.  To date, neither party has filed any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion for judgment on the pleadings is **GRANTED**, and Stone's motion to amend is **DENIED**.  Hence, Stone's complaint will proceed as to Do It Best

3

only and will proceed only as to the following causes of action: Title VII claim for race discrimination/disparate treatment (First Cause of Action); Title VII retaliation claim (Second Cause of Action); and, disability discrimination (Fourth Cause of Action).  Seay and Smith are dismissed from this action.

**IT IS SO ORDERED.**

Signed this 13th day of October 2021, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE