

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHARON STONE,<br>　　　　Plaintiff,<br><br>vs.<br><br>DO IT BEST CORP,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　Civil Action No. 3:21-0771-MGL<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Sharon Stone (Stone) filed this action against her former employer, Do It Best Corp. (Do It Best), as well as Vince Seay (Seay) and Scott Smith (Smith) (collectively, Defendants), in the Lexington County Court of Common Pleas. Defendants removed this action pursuant to 28 U.S.C. § 1331.

The Court previously granted Defendants' motion for judgment on the pleadings. Seay and Smith were thus dismissed from this action. Stone's remaining claims against Do It Best are race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and discrimination under the Americans with Disabilities Act. Do It Best moved for summary judgment on those claims.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Do It Best's motion for summary judgment be granted and this matter be ended. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 1, 2022. To date, neither party has filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Do It Best's motion for summary judgment is **GRANTED**. Thus, the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 24th day of June 2022, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE